In the Matter of Proving the Last Will and Testament of DAVID PRICE, Deceased.

Surrogate's Court, New York County, June, 1922.

**Wills — contested probate — failure of jury to agree — direction of verdict — Civil Practice Act, § 457(a).**

The will of testator, a man of great business capacity and in the prime of life, by which his entire estate was given to his wife, there being no children, was drawn by an attorney in circumstances showing that its terms originated with the testator, who died seven years after the execution thereof. Upon a contested probate there was no proof of any coercion or duress exercised upon the testamentary act, and the only issues submitted to the jury were undue influence and fraud, and upon these questions they were unable to agree. *Held*, that a motion for a dismissal of the objections and a direction for a verdict in favor of proponent, upon which decision had been reserved, will be granted.

The provision of section 457(a) of the Civil Practice Act that the trial judge may direct a verdict when he would set aside a contrary verdict against the weight of evidence authorizes such a disposition of the motion.

PROCEEDING to probate a will.

*Rose & Paskus* (*Benjamin G. Paskus*, of counsel), for proponent.

*Louis Boehm*, for contestants.

FOLEY, S. In this contested probate proceeding the only issues submitted to the jury were undue influence and fraud. Upon these questions they were unable to agree. Counsel for the proponent

having previously moved for a dismissal of the objections and a direction of a verdict, upon which decision was reserved, the surrogate proceeded to dispose of these motions as follows:

Upon the evidence it is clear that a verdict must be directed on the fifth and sixth questions as follows: On the fifth question (Was the will procured by undue influence?) in the negative; on the sixth question (Was the will procured by fraud?) in the negative.

Under the authorities in this state, no other alternative is left for the surrogate. *Matter of McGill*, 229 N. Y. 405, 410; *Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of Hall*, 193 App. Div. 362; *Matter of Brand*, 185 id. 134; *Matter of Powers*, 176 id. 455; *Matter of Fleischmann*, Id. 785; *Matter of Goodhart*, 173 id. 256; *Matter of Kennedy*, 229 N. Y. 567, affg. 190 App. Div. 896. The rule applies here that the inference of undue influence cannot reasonably be drawn from the circumstances when they are not inconsistent with the inference that the will was free from undue influence. *Matter of Ruef, supra.* The will was drawn by an attorney, freely chosen, under circumstances showing that its terms originated with the testator and that it was not procured by the persons charged with undue influence. The testator was a man of great business capacity, in the prime of his life, and the will is not an unnatural one, since the entire estate was given to his wife, to whom he had been married upwards of twenty-five years, there being no children. His death occurred seven years after the execution of the will. There is no proof of any coercion or duress exercised upon the testamentary act, as required by *Smith* v. *Keller*, 205 N. Y. 39, 44. The alleged fraud only related to the nephew, while the two nieces (the other contestants) were also omitted as legatees in the will. Even if the alleged fraud had taken place, there is no evidence that a man of his mental vigor would have made a different disposition than that provided for by this will executed seven years before his death.

While I believe that the authorities cited, which were all decided before the enactment of the Civil Practice Act, justify the direction of a verdict and the admission of the will to probate, it would appear that the provisions of section 457a of the Civil Practice Act, providing that the trial judge may direct a verdict when he would set aside a contrary verdict as against the weight of evidence, further authorize this disposition.

Submit decree on notice admitting the will to probate.

Decreed accordingly.