In the Matter of the Petition of EDWARD SCHWEIZER, JR., to Prove
the Last Will and Testament of WILLIAM HAGEN, Late of the
County of Kings, Deceased.

Surrogate's Court, Kings County, Decembe·, 1922.

**Wills — probate — husband and wife — separation agreement — when
widow cannot contest husband's will.**

Where some months prior to his death decedent and his wife had lived separate
and apart and the separation agreement between them provides that she shall
not and will not at any time thereafter claim or demand any of his money,
property, real or personal, which he then had in his power, custody or possession
" or which he shall or may at any time hereafter have, buy or procure, or which
shall be devised or given to him, or that he may otherwise acquire, and that
he shall and may enjoy and absolutely dispose of the same as if he were single
and unmarried; and that she fully and in all respects releases him and his
property, real and personal, from any and all claims whatsoever," she is not a
party in interest who may contest the will, under which no real estate passed,
and a motion to dismiss her objections filed to the probate of the instrument
will be granted.

APPLICATION to dismiss objections to probate of a will.

*John Klein,* for petitioner.

*Fred M. Ahearn,* for contestant.

WINGATE, S.   Application is made to dismiss the only objections
filed to the petition for probate of decedent's will.   The application
is based upon the assertion that the contestant, decedent's widow,
is not a " person interested " who is entitled to file objections under
section 147 of the Surrogate's Court Act.   She was married to the
decedent, but separated from him some months prior to his death.
Thereafter they lived apart from each other, and entered into a
separation agreement which is in evidence.

Objections to the probate of a will may not be filed by one who
would derive no financial benefit should the will be set aside.
*Matter of Hoyt,* 55 Misc. Rep. 159; affd., 122 App. Div. 914; affd.,
192 N. Y. 538.

A separation agreement may by its terms release the interest
of a wife in the property of her husband.   See cases cited in 14
McKinney's Consol. Laws, under Dom. Rel. Law, § 51; Tiffany
Dom. Rel. (3d ed.) chap. VII.   See, also, *Titus* v. *Bassi,* 182 App.
Div. 387.

The separation agreement in this case provides that the wife
" shall not and will not at any time hereafter claim or demand any
of his [the decedent's] money, property, real and personal, jewels,

MATTER OF GEORGE P. WETMORE.   771

Misc. 771]   Surrogate's Court, New York County, December, 1922.

plate, clothing, household goods, furniture or stock in trade, which he has now in his power, custody or possession, or which he shall or may at any time hereafter have, buy or procure, or which shall be devised or given to him, or that he may otherwise acquire, and that he shall and may enjoy and absolutely dispose of the same as if he were single and unmarried; and that she fully and in all respects releases him and his property, real and personal from any and all claims whatsoever." This agreement further contains the recital that " all the covenants, stipulations, promises, agreements, and provisions in this instrument contained shall apply to, bind and be obligatory upon the heirs, executors, administrators, personal representatives, successors or assigns of the parties hereto, or either of them, whether so expressed or not."

There is no real estate passing by decedent's will. If the will were denied probate, the release contained in the agreement referred to and executed by the wife, would prevent her from sharing in the personal property of her deceased husband. Under the authority of the *Matter of Hoyt* case, cited *supra*, the widow is, therefore, not a party in interest who may contest decedent's will.

The application to dismiss her objections is granted. Settle order on notice.

Ordered accordingly.