ADELE FLEURY, Appellant, v. GLENS FALLS INSURANCE COMPANY OF GLENS FALLS, N. Y., Respondent.— Judgment unanimously affirmed, with costs. The plaintiff's agreement with her vendee to assume loss by fire is not a part of the contract of insurance, and does not nullify the operation of the clause in the contract of insurance which declares the policy void if the interest of the insured be other than unconditional and sole ownership. Such ownership was not in the plaintiff at the time the policy was issued. (*Brighton Beach Racing Association* v. *Home Ins. Co.*, 113 App. Div. 728; affd., 189 N. Y. 526.) Present — Kelly, P. J. Manning, Kelby, Young and Kapper, JJ.

In the Matter of the Petition of EDWARD SCHWEIZER, JR., to Prove the Last Will and Testament of WILLIAM HAGEN, Late of the County of Kings, Deceased.— Order of the Surrogate's Court of Kings county, dismissing objections to will, affirmed, without costs, upon the opinion of the surrogate. [*Matter of Hagen*, 119 Misc. Rep. 770.] As to the validity of the separation agreement, it was valid on its face and duly executed by the husband and wife, under seal, and acknowledged before a notary public. The learned counsel for appellant filed an affidavit before the surrogate in opposition to the motion, in which he stated: " This court is not asked to decide as to the validity of the agreement so we shall regard the agreement as valid." In view of this, we are unable to perceive how it can be claimed that the surrogate's decision that it was valid can be said to be " purely arbitrary," or that he determined the motion without " one iota of evidence or proof as to the validity of the agreement." There was no answer to the allegation that the agreement was made and executed; its validity was conceded. For some reason, the order appealed from does not recite the affidavit read in opposition to the motion; and, pursuant to Civil Practice Act, section 111, this court directs that the order be amended by adding after the words " Schedule A " the words " and on reading and filing the affidavit of Fred M. Ahern, verified October 6th, 1922, in opposition to the motion." Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

In the Matter of the Application of the TRANSIT CONSTRUCTION COMMISSIONER Acting for and on Behalf of the City of New York, Appellant, etc., Relative to Acquiring an Estate in Fee Simple Absolute, in and to Certain Premises Situated on the South Side of New Lots Avenue, etc. MATILDA SUSSMAN and Others, Respondents.— Final order reversed on the law, and matter remitted to the Special Term for rehearing, with costs to the appellant City of New York to abide the event. We think the court should have received the evidence offered by the city as to the benefits as an offset to consequential damages. What its effect might be was to be determined by the court in its final decision. Kelly, P. J., Kelby and Young, JJ., concur; Manning and Kapper, JJ., dissent.

LEON KELHETTER, Respondent, v. REBECCA LIPSCHITZ and Others, Doing Business under the Firm Name and Style of R. LIPSCHITZ & SONS, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.