In the Matter of the Estate of ALOYSIUS KLEIN, Deceased.

Surrogate's Court, New York County, October, 1923.

**Wills — contested probate — when separation agreement between husband and wife bars wife from contesting husband's will — when widow not a " person interested " under section 147 of the Surrogate's Court Act.**

Where under the terms of a separation agreement containing a specific provision releasing dower in the husband's estate, a certain sum of money described as a " permanent settlement " of all rights of the wife against the husband, was paid to her and she released her dower right, she is not entitled to contest the probate of his will by which she was disinherited, as she is not a " person interested " in the proceeding under section 147 of the Surrogate's Court Act.

MOTIONS for direction of verdict and admission of will to probate on contested proceedings to probate will.

*Leon Forst,* for executrix.

*Samuel Alexander Langfur,* for contestant, Anna P. Klein.

*Mullen & Bloch,* for general guardian of the infants.

FOLEY, S. At the close of the trial of this contested probate proceeding the proponent moved for a direction of the verdict and for the admission of the will to probate on two grounds. The first ground is that the contestant, decedent's widow, Anna P. Klein, is not a person interested in this proceeding, because in a separation agreement made between her husband and herself she had released all her interest in the estate of the decedent. The second ground is that the evidence is insufficient in law to require the submission of the issues of undue influence and fraud to the jury.

I am of the opinion that the motions should be granted upon both grounds. The parties were married in February, 1922. Differences soon arose between them and they appeared to have separated on or about April 20, 1922. An action for a separation was begun by the wife. Shortly afterwards negotiations for a settlement were initiated between the parties and their attorneys, which terminated in the separation agreement made October 18, 1922.

The will here offered for probate was executed by the decedent on April 19, 1922. This will gives the property to his only daughter and three grandchildren, and disinherits the wife. Pursuant to the terms of the separation agreement, the sum of $6,000 was paid in full for the wife's claims. This payment is described in the agreement as a " permanent settlement " of all rights of the wife against the husband. Specific provision was made releas-

ing her dower in the husband's real estate, and a separate instrument releasing dower was executed by her. A fair construction of the language of the separation agreement, which by its provisions was made binding upon the heirs, executors and representatives of each party, is that not only the wife's interests in the realty, but also in the entire estate were intended to be released and terminated. The decedent's widow has, therefore, no pecuniary rights in this estate and is not a " person interested " in the proceeding under section 147 of the Surrogate's Court Act. In *Matter of Hagen,* Surrogate Wingate held similarly that such a separation agreement was valid, that the agreement may, by its terms, release the interest of the wife in the property of her husband and that the widow, under such circumstances, was not a person interested in the estate nor entitled to contest the will. His determination was affirmed by the Appellate Division. *Matter of Hagen,* 119 Misc. Rep. 770; affd., 206 App. Div. 682. I agree with his reasoning and conclusion.

While the foregoing decision makes unnecessary the consideration of the second ground for a direction, I hold further, as a matter of law, that the evidence on the questions as to undue influence and fraud in the procuring of the will is insufficient to require the submission of these questions to the jury. *Matter of Ruef,* 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of McGill,* 229 id. 405, 410; *Matter of David Price,* 119 Misc. Rep. 19; affd., 204 App. Div. 252; *Matter of Goodhart,* 173 id. 256; *Matter of Hall,* 193 id. 362; *Matter of Brand,* 185 id. 134; *Matter of Powers,* 176 id. 455; *Matter of Fleischmann,* Id. 785; *Matter of Woods,* 189 id. 324.

Verdict directed in favor of the proponent on all questions. Submit decree accordingly admitting will to probate.

Decreed accordingly.