In the Matter of the Estate of FLORENCE ADELAIDE PRATT, Deceased.

Surrogate's Court, New York County, June 22, 1934.

*McCanliss, Coutant & Hinch* [*Lee McCanliss, Lucius F. Crane, Russell I. Hare, Rene De Chambrun* and *Helen O'Leary* of counsel], for the proponent.

*Wollman & Wollman* [*Harold H. Corbin, Henry Wollman, Achilles H. Kohn, Edward S. Seidman* and *William Fitz Gibbon* of counsel], for the contestant Margaret Alexandria Alexander.

*William B. Northrop* [*Samuel Seabury* and *George Trosk* of counsel], for Mary Clare Tavernor and another, legatees.

*Alexander & Green* [*Clifton P. Williamson* and *Edward W. Bourne* of counsel], for Mary P. Woods and another, legatees.

*Jerome H. Buck*, special guardian for Michael Brockway, infant.

FOLEY, S. I find upon the evidence that the propounded instrument was duly executed, that the testatrix was of sound mind at the time of execution and free from undue influence or fraud.

The evidence utterly failed to establish any proof of undue influence exercised upon the decedent in the execution of the will. The testamentary paper was drawn by an attorney selected by her. There is no evidence whatsoever that the will contained anything but her expressed intentions, freely given and without

domination or undue suggestion by any of the legatees mentioned in it. (*Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582.)

Mrs. Pratt was the daughter of Isaac Singer, one of the founders of the Singer Sewing Machine Company. At the time of the execution of the will on August 21, 1931, she was seventy-four years of age. She died a little more than a year later. Her physical condition at the time of the signing of the will was excellent for a person of her years.

The principal ground of contest was the alleged unsoundness of mind of the testatrix. The overwhelming preponderance of the evidence showed that at the time of the execution of the will, and before and after that date, the testatrix possessed the essential elements of testamentary capacity prescribed by law. The soundness of mind of Mrs. Pratt was established by numerous witnesses on behalf of the proponent. In addition it was supported by the testimony of many of the witnesses offered by the contestant, but the strongest proof of the retention of an active and vigorous mind and memory to within a few days of the death of the decedent is found in her own letters and writings, and the numerous checks on banks and banking institutions drawn and signed by her. Her letters evidence keenness, shrewdness, responsive reactions to her financial affairs and zealous care in the management of her investments. She inherited, over thirty years ago, approximately $500,000 from her father and mother. Under her own management, her fortune survived the hazards of the world-wide depression and increased to the sum of $5,000,000, which was invested in prime securities.

There is no evidence in the record to support the contention of Mrs. Margaret Alexandria Alexander, the sister of the decedent and the sole contestant, that the testatrix suffered from senile dementia, paranoia or insane delusions. The alleged acts and conversations characterized as irrational by the contestant's witnesses were isolated, trivial or easily explainable. At most they amounted to eccentricities, irascibility, outbursts of temper or nervousness.

Mrs. Pratt stated in her will that she had not provided for her sister, Mrs. Alexander, the contestant, because the latter was "otherwise amply provided for." It is not disputed that her sister was wealthy. It has been clearly shown in the evidence that the relation of these two sisters had been unfriendly and even hostile for many years. As early as 1896 it has been shown by the records of this court that the testatrix and her sister engaged in litigation over the estate of their mother. Mrs. Pratt in her will made substantial bequests to her two nephews, her niece and the adopted children of her niece. The legacies to them aggregate approximately forty per cent of the entire estate. The remainder of her property was given to her friends.

The following observation of the Court of Appeals in *Matter of*

*Snelling* (136 N. Y. 515, at p. 517) is pertinent: " The fact that the deceased was a woman of advanced age somewhat enfeebled in body and mind and that she gave her property to strangers, instead of her collateral relatives, from motives of gratitude or personal attachment does not show that she was wanting in intelligence sufficient to comprehend the condition of her property and the scope and effect of the testamentary provisions. So long as her mental powers enabled her to understand and appreciate the amount and condition of her property and to comprehend the nature and consequences of her act in executing the will she was at liberty to dispose of her own in such manner as seemed best to her providing the disposition was her own free act."

Tested by the decisions which relate to the determination of the mental capacity of the maker of a will, I am of the opinion that the testatrix was of sound mind at the time of the execution of the paper propounded here. (*Matter of Heaton,* 224 N. Y. 22; *Matter of Rogers,* 127 Misc. 428; affd., 220 App. Div. 834; *Matter of Burnham,* 201 id. 621; affd., 234 N. Y. 475; *Matter of Brand,* 185 App. Div. 134; affd., 227 N. Y. 630; *Matter of Meade,* 200 App. Div. 346; affd., 235 N. Y. 508; *Matter of Eno,* 196 App. Div. 131; *Matter of Dunn,* 184 id. 386; *Matter of Price,* 119 Misc. 19; affd., 204 App. Div. 252; affd., 236 N. Y. 656.)

All the objections of the contestant to the probate are dismissed. The will is admitted to probate.

Submit decree on notice accordingly.