In the Matter of the Estate of EDWARD H. R. GREEN, Deceased.

Surrogate's Court, Essex County, November 4, 1937.

*Milbank, Tweed, Hope & Webb* [*Walter E. Hope, Harrison Tweed, George W. Jaques, Timothy N. Pfeiffer* and *Mizell Wilson* of counsel], for Hetty Sylvia A. H. Green Wilks, proponent.

*Isaac W. Digges* [*George .Wharton Pepper, William C. Bodine, Layton M. Schoch, Isaac A. Pennypacker, Ernest Scott, J. S. Conwell, Spencer B. Eddy* and *Joseph Fischer* of counsel], for Mabel H. Green, contestant.

*Seth T. Cole* [*Mortimer M. Kassell* of counsel], for the State Tax Commission of the State of New York.

*Wickes & Wickes* [*Sheldon F. Wickes* of counsel], for the County Treasurer of the County of Essex.

OWEN, S.   In this case, briefs in which were submitted some time ago, there is before me for determination whether Mrs. Green, the decedent's widow, is, under the provisions of section 147 of the Surrogate's Court Act, a person interested in the estate of the decedent and entitled to object to the probate of his will which has been offered for probate by Mrs. Wilks, the decedent's sister,

and the executrix and sole legatee and devisee named therein. The will, dated March 28, 1908, was made by the decedent before his marriage with Mrs. Green.

Mrs. Green filed objections to the probate of the will. Mrs. Wilks produced an ante-nuptial agreement executed by the decedent, Mrs. Green (then Mabel E. Harlow) and Columbia Trust Company as trustee. Under the terms of this agreement, Mrs. Green, in consideration of the payment to her of $18,000, yearly for her life, waived and released all interest in the decedent's estate. Mrs. Green asserted that the agreement was invalid because her signature to it was procured by fraud and also because under the laws of Texas, which she claimed to have been the domicile of the decedent and herself, such an agreement is contrary to law. Mrs. Green further claimed that the ante-nuptial agreement being invalid, the will should not be admitted to probate, since it had been made by the decedent before his marriage to her.

Mrs. Wilks, asserting the validity of the ante-nuptial agreement, made a motion to strike out Mrs. Green's objection on the ground stated above. Hearings upon the motion were prolonged and much testimony and documentary evidence produced before me both in respect of the validity of the ante-nuptial agreement and the domicile of the decedent.

I have considered the evidence and the arguments advanced by counsel in their briefs. I am satisfied that the execution of the ante-nuptial agreement by Mrs. Green was not procured by fraud of any kind but, on the contrary, that she signed it voluntarily with knowledge and understanding of its provisions and import.

I am further satisfied that as a matter of law the ante-nuptial agreement is valid in whatever State the decedent may have been domiciled. Even if Texas be considered the decedent's domicile, the agreement is valid so far as the determination of this motion is concerned. This is so because it is immaterial to the determination of the motion whether under Texas law it is valid as to Mrs. Green's interest in community property (assuming Texas domicile and the existence of community property), since that interest would have vested in her forthwith upon the acquisition of such property and would not be an interest in the decedent's estate under section 147 of the Surrogate's Court Act entitling Mrs. Green to object to the probate of the will.

I have, therefore, granted Mrs. Wilks' motion and signed an order dismissing and striking out Mrs. Green's objections.

Both Mrs. Wilks and Mrs. Green claim that the decedent was a non-resident of the State of New York at the time of his death. The State Tax Commission is a party to the proceeding and claims

that the decedent was a resident of New York for the purpose of inheritance taxation. It interposed objection to the jurisdiction of the court in this proceeding on that ground but because of the making of a stipulation to be filed herein and signed by all of the parties to the effect that any determination in this proceeding that the decedent was a non-resident of New York shall not be binding or *res adjudicata* for tax purposes, has withdrawn its objection. I, therefore, have found for the purpose of this probate proceeding only that the decedent was not domiciled in the State of New York and have embodied such a provision in the order and decree entered herein. Such a provision is particularly appropriate in view of the fact that there is now pending in the Supreme Court of the United States a suit to determine as between four claimant States, including New York, which one of them was the decedent's domicile and entitled to collect the domiciliary tax upon his intangible property.

The objections of Mrs. Green to the probate of the will having been dismissed, I have made a decree admitting the will to probate and granting letters testamentary to Mrs. Wilks, the executrix named therein.

So much for my decision in the case. I have always felt that the duty of a surrogate went further than the mere decision of questions of law and that it was part of his duty to eliminate litigation in the estate matters so far as possible consistently with justice. Accordingly, I called counsel for both Mrs. Green and Mrs. Wilks into conference and suggested that some provision be made for Mrs. Green which would terminate all litigation. I am glad to announce that Mrs. Wilks has consented to the payment by the estate of $500,000 to Mrs. Green and that papers have been executed which acknowledge Mrs. Wilks' right to her brother's estate and which terminate this litigation and the possibility of any further litigation between Mrs. Green and Mrs. Wilks in respect of the decedent's estate, including any claim by Mrs. Green that she is entitled to community property and any charge of fraud in the execution of the ante-nuptial agreement.