In the Matter of the Estate of SARAH SAND, Also Known as SARAH SANDS, Deceased.

Surrogate's Court, Kings County, March 12, 1942.

*Morris Felder* [*Michael M. Platzman* of counsel], for the petitioner.

*Harry B. Richards* [*Bradford Butler* of counsel], for the respondents.

McGAREY, S. In this proceeding to determine the validity or effect of the election of the surviving spouse to take against the testamentary provision of decedent's will, a release is raised as a bar to such right. The estate seeks to have such release reformed on the ground it does not express the true agreement of the parties thereto, and has instituted an action in the Supreme Court for that purpose after the commencement of the present proceeding. The surviving spouse claims that this court has jurisdiction in this proceeding to render the relief desired if the estate is entitled thereto.

The court believes that the Legislature intended to and did give to the Surrogate's Court plenary jurisdiction to determine all matters necessary to make a full, equitable and complete disposition of the issues presented in a proceeding. One of the issues presented in this proceeding is whether the release correctly states the intent of the parties at the time it was executed or whether it should be reformed if it does not do so.

This court and the surrogate have such jurisdiction under subdivision 11 of section 20 and sections 40 and 145-a of the Surrogate's Court Act, and subdivision 8 of section 18 of the Decedent Estate Law. (*Heavner* v. *Clarke*, 229 App. Div. 786; *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72; *Matter of Morris*, 134 Misc. 374; *Matter of Cook*, 244 N. Y. 63.)

Proceed accordingly.