In the Matter of the Probate of the Will of GRACE L. C. SHEELER, Deceased.

Surrogate's Court, Monroe County, January 19, 1948.

*Francis J. Clohessy* for Verne Lundy, petitioner.

*Earl F. Case* and *George J. Skivington, Sr.,* for Arthur D. Sheeler, respondent.

WITMER, S. Respondent petitioned for his appointment as administrator of the estate of his deceased wife. Proponent

appeared in opposition, filed an alleged will of said decedent and petitioned for its probate. The Central Trust Company of Rochester was appointed temporary administrator herein by this court pending the determination of the issues raised, and it is still acting as such.

On the return date of the petition for probate of the will respondent asked to have a date fixed for his preliminary examination of the witnesses to the will. Proponent objected to such examination, filed an alleged antenuptial agreement between the testatrix and respondent in which respondent purports to waive all of his interests in his wife's estate, and claimed that by reason of such antenuptial agreement respondent has no interest in testatrix' estate and is not entitled to participate in the proceeding for the probate of her will.

The testatrix left no parent or descendant, but left brothers and nephews and nieces. Therefore, except for the antenuptial agreement, if testatrix died intestate, respondent would take $10,000 and half of the residue of her estate (Decedent Estate Law, § 83, subd. 4), but if the will be admitted to probate and respondent be allowed to elect to take his intestate share, he would only receive one-half of the estate (Decedent Estate Law, § 18, subd. 1, par. [a]). Thus the question of the probate of the will is important to respondent. However, since the right to a preliminary examination of witnesses to a will is limited to interested parties, that is, persons who would profit financially if the probate of the propounded will were denied (Surrogate's Ct. Act, §§ 141, 147; *Matter of Davis,* 182 N. Y. 468, 472; *Matter of Herle,* 157 Misc. 352; 2 Butler on New York Surrogate Law & Practice, § 1036), respondent has no status to examine the witnesses to the will, if the antenuptial agreement be valid. (Decedent Estate Law, § 18, subd. 9; *Matter of Wallace,* 184 Misc. 448; *Matter of Green,* 165 Misc. 108.) Accordingly, the court ruled informally from the bench that the parties would be given an opportunity, before this court without a jury (*Matter of Cook,* 244 N. Y. 63, 71–72), to try out the validity of the antenuptial agreement.

The parties did not agree upon any particular time for such hearing, and no time was fixed therefor. When proponent informally urged respondent to proceed, proponent and the court were advised that the respondent was instituting a proceeding in the Supreme Court for reformation of the antenuptial agreement. Before service of the papers in such action was completed, proponent asked this court either to sustain his objections to respondent's participation in this proceeding and take the

formal proof concerning the execution of the will, or to fix an early date for determination by this court of the validity and effect of the antenuptial agreement. Proponent and respondent have filed briefs on this informal application, and a copy of the summons and complaint in the Supreme Court action to reform the antenuptial agreement has been filed with the papers in this proceeding.

In matters in which the Surrogate's Court and Supreme Court have concurrent jurisdiction, the assumption of jurisdiction by one of such courts will cause the other to decline jurisdiction thereof. (*Noll* v. *Ruprecht*, 256 App. Div. 926, affd. 282 N. Y. 598.) A motion addressed to the Supreme Court in the action for reformation of said antenuptial agreement, requesting that court to refuse jurisdiction, undoubtedly will be granted if and when made, because the issue of the validity and effect of said agreement was first raised and is now pending in this court. (*Matter of Deutsch*, 186 Misc. 446, affd. 270 App. Div. 920; *Shure* v. *Kaplan*, 67 N. Y. S. 2d 921.)

This court has complete jurisdiction to hear and determine the issues herein which the respondent has sought to have tried in the Supreme Court, including the request for reformation of the antenuptial agreement. (Surrogate's Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Cook*, 244 N. Y. 63, 71–72, *supra*; *Matter of Adams*, 182 Misc. 937, 944, affd. 267 App. Div. 985; *Matter of Sand*, 178 Misc. 179; 1 Butler on New York Surrogate Law & Practice, § 335.) The order to be entered hereon shall provide for a date upon which the issues respecting the antenuptial agreement may be heard.

In the meantime if as a matter of convenience to witnesses proponent wishes to have the usual formal order for taking the testimony of the witnesses to the will before the surrogate of another county, he may present the same for signature. Such testimony may be taken subject to the rights of the respondent as they may be subsequently determined. (Surrogate's Ct. Act, § 141.)

Submit order accordingly.