Frankenthaler, S.
In the year 1948, at a time when testator and his wife were living apart, he executed his will which provided his wife with the minimal benefits sufficient to preclude a right of election by her pursuant to section 18 of the Decedent Estate Law. On December 23, 1949, testator and his wife entered into a separation agreement and on the same day his wife procured a decree of divorce. The agreement provides: “ The said wife, for the consideration aforesaid, does hereby forever release and discharge the said husband, his heirs, executors, administrators and assigns, of and from all right, interest, claim, dower or right of dower, thirds or distributive share, or demand which she now has, or is entitled to, for or by reason of her relations to him as his wife, or otherwise, of, in or to any property, real or personal, goods, chattels, right, interest or things in action, which the said husband now owns or is entitled to, or interested in, or which he may at any time hereafter own or become entitled to, or be interested in.”
Testator died one week after the execution of the separation agreement. The will that was executed in the year 1948, has been admitted to probate. The instant proceeding is brought by the executors for a construction of the will and a determination as to whether or not the testamentary gifts to the former wife of the testator are effective. If the provisions of the separation agreement are wholly inconsistent with the terms and nature of the bequests in the will for the former wife’s benefit, the separation agreement operated as a revocation of the testamentary provisions for the former wife (Decedent Estate Law, §§ 39, 40) and a bar to any claim of the former wife to take under the will (Matter of Loeb, 155 Misc. 863).
*791 Testator’s will bequeathed to his wife a general legacy of $2,500 and the life income of a sum equal to the excess between the amount of such legacy and her “ intestate share ” of the estate. The text of the will clearly displays testator’s intention to circumscribe the testamentary gifts to his wife. It is apparent on the face of the will that the provisions for the wife were made grudgingly and because the futile alternative was to omit his wife from the will and to permit her, by the exercise of her elective right, to secure greater benefits through absolute ownership of an amount equivalent to both the general legacy and the trust principal. The will carefully follows the provisions of section 18 of the Decedent Estate Law, and employs the words “ intestate share ” in connection with the computation of the amount of the trust fund in the manner that the same expression is used in the statute. The statute grants a right only to a person who, having the status of surviving spouse at the date of a testator’s death, would be entitled to an intestate share of an estate. In like manner the will contemplated gifts to a wife, and not to a divorced wife, since only a surviving spouse would be entitled to an intestate share of the estate. (In view of the later determination herein a problem does not arise as to the computation of a trust fund on the basis of a concededly nonexistent “ intestate share ”.) In the separation agreement the wife released her husband “ Ms heirs, executors, administrators and assigns, of and from all right, interest, claim, dower or right of dower, thirds or distributive share.” The estate of dower has been superseded by the provisions of sections 83 and 18 of the Decedent Estate Law. The term “ thirds ” has been held equivalent to the expression ‘ ‘ share in intestacy ’ ’ (Matter of Hodgman, 140 N. Y. 421; Matter of Silsby, 229 N. Y. 396; Matter of Kelsey, 184 N. Y. S. 68; Matter of Sachs, N. Y. L. J., Feb. 16, 1951, p. 590, col. 7). It is plain that by the agreement the wife intended to release to her husband in his lifetime and thereafter to the representative of Ms estate every claim against him and his estate that the law granted to her as a spouse. Consideration of the will and the separation agreement discloses an obvious inconsistency. The gifts in the Avill to the then wife were prompted solely by the compulsion exerted by section 18 of the Decedent Estate Lrav, and such gifts were not expressive of a bounteous impulse but Avere intended to confer the barest benefit sufficient to foreclose the exercise of the elective right. When the separation agreement came into existence the elective right vanished as did all other claims of the then spouse to an intestate share of the estate. The complete ineonsistenev *792 between the provisions of the will and the agreement are apparent.
It is held in cases in which the status of a surviving spouse unquestionably exists that a separation agreement can bar the assertion of normal rights against an estate (Matter of Wallace, 184 Misc. 448, affd. 268 App. Div. 1029; Matter of Burridge, 261 N. Y. 225; Matter of Hagen, 119 Misc. 770, affd. 206 App. Div. 682; Titus v. Bassi, 182 App. Div. 387; Matter of Gilmour, 146 Misc. 113). Here the individual referred to in the will as “ wife ” does not have the status of surviving spouse. Irrespective of the separation agreement and solely by reason of the divorce she can assert no claim as surviving spouse. Her claim is that, despite the separation agreement, testator intended the provisions of his will to remain effective for her benefit and that his failure to revoke or modify the will in the very brief interval between the execution of the agreement and his death shows that he considered her a proper object of his bounty. Such an intention cannot be found in the instruments before the court or in the circumstances surrounding their execution. The limited provisions for the wife in the will, the terms of the separation agreement, the destruction of the marriage bond by divorce and the fact that upon deceased’s death the divorced wife was not a distributee all are elements that distinguish this case on its facts from Matter of Cote (195 Misc. 410).
The court holds that the provisions in the will for the benefit of the divorced wife of the testator are inoperative. The once contemplated gifts to the wife will augment the residuary estate.
The court now grants the motions to strike out the testimony and exhibits that were received in evidence subject to rulings upon objections (Matter of Ittleson, 197 Misc. 786, 789, and cases there cited).
Submit decree on notice.