Thomas R. Hadaway, S.
Emérita Sanchez, the administratrix of the estate of the above-named decedent, and the decedent’s husband, Joseph Robles, have asserted conflicting claims to the proceeds of a policy of group insurance issued by the respondent, the United States Life Insurance Company, on the life of the decedent, in which policy the husband is the named beneficiary.
The decedent died on October 25, 1970, and was survived by her said husband and two sisters, one of whom, Emérita Sanchez, applied for and was granted letters of administration upon the decedent’s estate, by this court, on April 13,1971.
On February 3, 1971, the decedent’s husband, Joseph Robles, was indicted by the Grand Jury of Orange County (Indictment No. 34/71), charging him with the crime of manslaughter in the second degree, in violation of the provisions of section 125.15 of the Penal Law, in that, as stated in the indictment, on or about the 24th day of October, 1970, at the Town of Wallkill, Orange County, New York, the defendant recklessly caused the death of another person, to wit; Carmen Robles, by a gun shot fired from a shotgun, and as a second count, charged him with reckless endangerment in the first degree in violation of the provisions of section 120.25 of the Penal Law, in that, as stated in the indictment, the defendant, on or about the 24th day of October, 1970, at the Town of Wallkill^ Orange County, New York, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to one Carmen Robles by means of a gun.
On September 14,1971, the said Joseph Robles was permitted to plead guilty to criminal negligence homicide in violation of section 125.10 of the Penal Law, and on October 22, 1971, he was sentenced to be confined to the State Department of Corree *556 •tion at Ossining, New York, for an indeterminate term with a maximum of four years.
The petitioner claims that the decedent’s husband has thereby forfeited his right to the proceeds of the policy of life insurance above referred to, and has asked for an order of this court substituting the administratrix of the estate as the beneficiary in said policy.
The respondent, the United States Life Insurance Company, has appeared in said proceeding, in opposition to the present motion, and has asserted that this court has no jurisdiction in the matter, and that the proper forum for the action is the Supreme Court, and that an action for a declaratory judgment as to the rights and liabilities of the parties would be the appropriate procedure in which to determine whether Joseph Robles is entitled to the proceeds of said policy.
Although this court does not have the authority to change the name of the beneficiary in said policy of insurance, as demanded, for the purposes of this motion, the application will be treated as a special proceeding, by the fiduciary of the estate, to discover property withheld or to obtain information pursuant to the provisions of SOPA 2101 and 2103.
SCPA 201 gives to the Surrogate’s Court the right to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to the affairs of decedents, and, upon the return of any process, to try and determine all questions, legal or equitable, arising between any and all of the parties to any action or proceeding, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make full, equitable and complete disposition of the matter by such order or decree as justice requires.
The present proceeding was commenced, and jurisdiction of both the decedent’s husband and the respondent, the United States Life Insurance Company, was obtained by the issuance and service of process on them, and the respondent’s contention that this court does not have jurisdiction to determine the matter in controversy is rejected. (Shure v. Kaplan, 67 N. Y. S. 2d 921; Matter of Sheeler, 190 Misc. 894.)
This leaves only to be determined the question as to whether or not the decedent’s husband, by reason of the crimes for which he was indicted, and by reason of his guilty plea to a violation of section 125.10 of the Penal Law, has forfeited his right to the proceeds of the policy of insurance on the life of his deceased *557 wife, which can only be determined after a hearing. (Matter of Loud, 70 Misc 2d 1026.)
The present proceeding will, therefore, be restored to the calendar of this court for the term .to be held on January 8, 1973, at which time the court -will set a date for a hearing.
John F. Meehan, Esq., an attorney at law, of Goshen, New York, -will be appointed guardian ad litem for Joseph Robles, who has not appeared herein, and who is at present confined as a prisoner in a penal institution, and is, therefore, a person under disability. (SOPA 103, subd. 37; 403, subd. 2.)