In the Matter of the Application of ESTHER LICHTBLAU, as Administratrix, etc., of NATHAN LICHTBLAU, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld.

Surrogate's Court, Bronx County, April 12, 1928.

**Surrogate's Court — discovery proceedings — petitioner is entitled to order, pursuant to Surrogate's Court Act, §§ 205, 206, to discover property of decedent to enable her to perform her duties as administratrix — fact that action is pending in Supreme Court does not preclude right to order.**

Petitioner is entitled to an order, pursuant to sections 205 and 206 of the Surrogate's Court Act, to obtain such property of decedent and such information as are necessary to enable her to properly perform her duties as administratrix of decedent's estate.

The fact that an action is pending in the Supreme Court does not preclude petitioner from the relief sought, since the Surrogate's Court, having obtained jurisdiction prior to the Supreme Court, is not required by the rules of comity to relinquish such jurisdiction.

PROCEEDING to discover certain property of deceased.

*Medina, Sherpick & McKee,* for the petitioner.

*Ferris, Shepard, Joyce & McCoy,* for the respondents.

SCHULZ, S. This discovery proceeding is brought to obtain information and to recover property in addition to that referred to in an action in the Supreme Court, and, therefore, should be permitted to proceed at least as to those matters not included in the Supreme Court action.

It appears, however, that this proceeding was brought before there was any other action pending to which the petitioner had been made a party. The summons was not served upon the petitioner until after service of the order to show cause herein had been made upon the respondents and no pleading has yet been served upon the petitioner or her attorney. (*Hirsh* v. *Manhattan Railway Co.*, 84 App. Div. 374, 378; *Dexter Sulphite Pulp & Paper Co.* v. *Hearst, No. 1*, 206 id. 101, 107; *Hart* v. *Hart*, 86 id. 236, 238; *Lyman* v. *Weber*, 170 N. Y. Supp. 854.) Answers in this proceeding, however, have been filed, so that in this court issue is joined. The facts are, therefore, materially different from those in *Matter of Preisendorfer* (118 Misc. 524). This court having acquired jurisdiction before the Supreme Court, comity does not require that such jurisdiction should be relinquished because an action was subsequently brought against the petitioner in that court. If this were otherwise, proceedings of this kind could be nullified at any time by the simple expedient of beginning an action in a court of concurrent jurisdiction over the particular matter.

In order that she may administer this estate in an orderly way, the petitioner is entitled, under the act (Surrogate's Court Act, §§ 205, 206), to prosecute this proceeding and obtain such property and such information as are necessary to enable her to properly perform the duties of her office.

The preliminary objections are overruled and the matter is set down for April eighteenth for hearing and trial.