ROSALIE BANNER BLOOMINGDALE and DONALD BLOOMINGDALE, Respondents, *v.* GEANNE HUGHES BLOOMINGDALE (BUTLER), Individually, and as Executrix and as Trustee of the Estate of IRVING I. BLOOMINGDALE, Deceased, Respondent, and RICHMOND J. REESE, as Executor and as Trustee of the Estate of IRVING I. BLOOMINGDALE, Deceased, Appellant, Impleaded with Others, Defendants. (Appeal No. 9.)

First Department, December 18, 1939.

*Thomas B. Gilchrist* of counsel [*Daniel E. Woodhull, Jr.*, with him on the brief; *Cadwalader, Wickersham & Taft*, attorneys], for the appellant.

*Max D. Steuer* of counsel [*Sidney O. Friedman* with him on the brief], for the plaintiffs-respondents.

*Arthur T. O'Leary* of counsel [*Royal F. Shepard* and *Theodore E. Wolcott* with him on the brief], for Geanne Hughes Bloomingdale Butler, respondent.

PER CURIAM. The Supreme Court has the power and jurisdiction to hear and determine the rights of the parties in this entire

controversy. In *Matter of Malloy* (278 N. Y. 429, at p. 432) the Court of Appeals said: " The Supreme Court is a court of general jurisdiction. It may take the account of a trustee, probate a will, and exercise jurisdiction in many other matters where the Surrogate's Court also has jurisdiction. The Legislature cannot by statute deprive it of one particle of its jurisdiction, derived from the Constitution (Art. VI), although it may grant concurrent jurisdiction to some other court, as it has done to the Surrogate's Court." However, we think that in view of the circumstances of this case and also in the interest of convenience and expedition, the litigation here should be disposed of in the forum where judicial action was first sought and obtained. (*Garlock* v. *Vandevort*, 128 N. Y. 374, 379; *Schuehle* v. *Reiman*, 86 id. 270; *Ludwig* v. *Bungart*, 48 App. Div. 613, 616.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion for an order directing the removal of the trial of the issues raised by the complaint and cross-complaint to the Surrogate's Court of New York county granted.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion for an order directing the removal of the trial of the issues raised by the complaint and cross-complaint to the Surrogate's Court of New York county granted. Settle order on notice.