ANNA CARULLA, Appellant, v. ROBERT E. CARULLA, Respondent. (Appeal No. 2.) — In a separation action, judgment was rendered in favor of the defendant, after trial on the merits. Order denying plaintiff's motion for temporary alimony pending appeal, and for counsel fees and other expenses of appeal, modified by striking out the word " denied " at the end of the decretal paragraph and in place thereof inserting the following: " granted to the extent of directing that respondent pay the sum of $200 to plaintiff's attorney, Charles P. Gravina, at his office, 26 Court street, Brooklyn, N. Y., as and for counsel fees." As thus modified, the order is affirmed, without costs, the counsel fees above provided for to be paid within twenty days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Adel, J., dissents and votes to affirm the order, with the following memorandum: It would have been improper for the Special Term, on the limited papers submitted to it, to determine that the appeal from the judgment offered a reasonably good chance of success. Now that the appeal has been heard (*Carulla v. Carulla, Appeal No. 1, ante, p. 1013*, decided herewith), it is obvious that it has no merit, and the luxury of such an appeal should be paid for by the appellant.

MARY CONKLIN, Appellant, v. WILLIAM W. CONKLIN, Respondent.— Order modifying a judgment of separation by reducing the alimony to be paid to the plaintiff by the defendant affirmed, without costs. Order denying plaintiff's motion to punish defendant for contempt, and reducing amount due plaintiff for arrears in alimony, affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MILDRED EARLE, as Executrix, etc., of BELLA WALLERSTEIN, Also Known as BELLE WALLERSTEIN, Deceased, Respondent, v. HANNAH RICE, Appellant.— Order denying the defendant's motion to dismiss the complaint pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice on the ground that there is another action pending between the same parties for the same cause, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, without prejudice, however, to a new action in the event that the Surrogate's Court finally determines that it is without jurisdiction of the subject-matter of the proceeding there pending. We are of opinion that the Surrogate's Court, in the discovery proceeding instituted by the plaintiff and now pending in the Surrogate's Court of New York County, has competent jurisdiction to afford the plaintiff adequate relief, legal and equitable, and finally to dispose of all the issues between the parties presented by the complaint, and that that proceeding is a bar to this action. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.