In the Matter of the Judicial Settlement of the Account of Proceedings of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of CATHERINE JAMES, Deceased, for FANNIE J. ANTHONY and the Application of Said UNITED STATES TRUST COMPANY OF NEW YORK as Such Trustee for a Determination of the Validity of an Agreement Dated May 26, 1936, Discharging the Trustee from All Liability with Respect to the Administration of the Said Trust.

HELEN VAN ZILE ANTHONY, JESSE VAN ZILE ANTHONY, as Executor of the Will of FANNIE J. ANTHONY, Deceased, and WILLIAM D. SMITH, Respondents, Appellants; UNITED STATES TRUST COMPANY OF NEW YORK, Petitioner, Respondent.

Appeal by Helen Van Zile Anthony and others from a decree of the Surrogate's Court of New York county, entered in the office of said Surrogate's Court on May 17, 1940, settling the final account of United States Trust Company of New York.

Decree affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.; Martin, P. J., dissents in opinion, in which O'Malley, J., concurs. [173 Misc. 1042.]

MARTIN, P. J. (dissenting). The United States Trust Company of New York was the trustee of a testamentary trust which terminated upon the death of the life beneficiary on October 13, 1935. The trustee rendered an account to the remainderman, turned over to her the assets of the trust, and obtained from her a general release. About two years later an action was instituted in the Supreme Court, New York County, by the assignee of the remainderman against the trustee to recover $10,000 and interest because of the investment of that sum in a bond and mortgage. It was alleged that the mortgage was not suitable for investment of trust funds and that the investment was imprudently, negligently and improvidently made without proper inquiry or investigation. Complaint was also made of the conduct of the trust company in connection with this investment over which it retained control subsequent to the informal accounting. The defendant, in addition to the denial in its answer, set up as defenses, among others, (1) general release and (2) account stated. The establishment of these defenses would, of course, defeat plaintiff's right to a recovery.

The defendant, in addition to a motion for security for costs, which was denied, moved for and obtained an order for a bill of particulars, which was complied with. At this point, while the litigation was progressing in the Supreme Court, the United States Trust Company, as trustee under the will of Catherine James, deceased, filed its petition in this proceeding in the Surrogate's Court praying

" 1. That the validity and effect of the agreement made May 26, 1936, between Helen Van Zile Anthony, Jesse Van Zile Anthony as executor of the last will and testament of Fannie J. Anthony, deceased, and your petitioner be determined.

" 2. That in the event that the aforesaid agreement should be determined to be invalid and of no effect, the account of your petitioner's proceedings as such trustee for the period from December 3, 1929, to January 24, 1936, be judicially settled and allowed.

" 3. That your petitioner's supplemental account of its proceedings for the period from January 24, 1936, to January 4, 1940, with respect to the administration of the portion of the trust estate left in its custody after the distribution of all the assets of which final disposition could be made be judicially settled and allowed.

" 4. That the persons named in paragraph Eleventh hereof [intending the plaintiff in the Supreme Court action] and all other necessary and proper persons be cited to show cause why such determination and settlement should not be had; that your petitioner have such other and further relief as may be just."

It will be noted that in this petition the petitioner asked for a judicial settlement of its account only in the event that the release and account stated, set up as defenses in the Supreme Court, were held invalid and of no effect.

Simultaneously with the filing of the petition the trust company moved for the consent of the Surrogate's Court to the transfer to that court of the pending Supreme Court action, and this motion was granted. Thereupon the trust company moved in the Supreme Court for an order transferring to the Surrogate's Court the action pending in the Supreme Court. This motion seems never to have been passed upon. Despite timely objection to the jurisdiction of the Surrogate's Court, the accounting proceeding was brought on for hearing and resulted in the decree appealed from by which there have been disposed of all

questions between the parties arising prior to June 8, 1936, *including the validity of the release* and the binding effect of the account stated.

When the time came for the trust company to wind up its duties as testamentary trustee it could have asked for a judicial settlement of its account as such, and the Surrogate's Court would have been the appropriate place for such a proceeding. (*Post* v. *Ingraham*, 122 App. Div. 738.) The necessity for a formal judicial accounting and settlement was ended when the parties entered into the agreement of May 26, 1936, mentioned in the petition herein. Thereafter the proper forum was that which could give complete relief on any question raised.

Without passing on the merit of the claim of the plaintiff in the Supreme Court action, we are of the opinion that when the pendency of that action was brought to the attention of the surrogate, he should have declined to take jurisdiction of the accounting proceeding. If the procedure followed in this case is permitted, the Surrogate's Court, which is one of limited jurisdiction, and, in some counties in this State is presided over by men whose opportunities for experience in matters of this type are limited, may oust the Supreme Court of jurisdiction. The need for limiting the jurisdiction of courts, other than the Supreme Court, was well expressed by Hon. Elihu Root, Chairman of the Judiciary Committee of the Constitutional Convention of 1894. The reasons expressed by him are quoted in *Lotz* v. *Standard Vulcanite Pan Co.* (102 Misc. 68, at p. 80) and in *Lewkowicz* v. *Queen Aeroplane Co.* (154 App. Div. 142, at p. 152).

When the action was instituted there was no proceeding pending in the Surrogate's Court. It is conceded that the plaintiff in the Supreme Court action, claiming under the assignment, had the right to sue at law on the claim asserted against the trustee.

In *Ludwig* v. *Bungart* (48 App. Div. 613) it was said: " The rule is that where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought. (*Schuehle* v. *Reiman*, 86 N. Y. 270; *Garlock* v. *Vandevort*, 128 id. 374.) Here there is no proceeding now pending in the Surrogate's Court wherein the plaintiff can obtain a construction of the clause of Mrs. Bungart's will set out in the first alleged cause of action; and the fact that some future proceeding may be instituted before the surrogate in which the will could be construed is not a sufficient reason for postponing judicial action on the subject until then, and declining to exercise the equitable jurisdiction of the Supreme Court. No case is cited to us in which the Supreme Court, having power to construe a will, has declined to do so upon the ground that it might also be construed in the Surrogate's Court, unless, at the time of the institution of the equity suit, there were already pending before the surrogate a proceeding in which the construction of the will might just as well be obtained."

Nothing that was said in *Bloomingdale* v. *Bloomingdale* (*Appeal No. 9*) (258 App. Div. 231) is inconsistent with the holding in *Ludwig* v. *Bungart* (*supra*), for it there appeared that at the time recourse was had to the Supreme Court the parties were engaged in active litigation in the Surrogate's Court which had complete jurisdiction to dispose of all questions involved.

The surrogate has recognized that the Surrogate's Court is without power to grant all the relief asked for in the petition herein. The decree appealed from disposes of only those questions which arose prior to June 8, 1936. Our attention has been called to the fact that after the entry of the decree appealed from the

trust company instituted an action in the Supreme Court asking for a declaratory judgment defining the interests of the parties who were before the surrogate (with the exception of the executor of the life tenant) and for a judicial settlement of the account of the trust company subsequent to June 8, 1936. Furthermore, it appears that the trust company has now obtained a stay of the original Supreme Court action until after judgment in the second action instituted by the trust company. The proceeding in the Surrogate's Court was wholly unnecessary. The only item concerning which there was or is any question is the item which is the subject of the Supreme Court action on which the trustee had joined issue. The plaintiff should not have been deprived of any procedural advantage obtainable in the Supreme Court.

Under all the circumstances, we are of the opinion that the decree appealed from should be reversed and the proceeding dismissed, without prejudice to the rights of the parties to be determined in the Supreme Court action of Smith v. United States Trust Company.

O'Malley, J., concurs,