In the Matter of the Estate of ELIZA B. DEUTSCH, Deceased.

Surrogate's Court, New York County, June 29, 1945.

*William M. Kilcullen, Wesley S. Sawyer* and *Charles E. Elbert* for Jay B. Deutsch, as administrator, petitioner.

*Sidney R. Nussenfeld* for Percy L. Deutsch, respondent.

FOLEY, S. The administrator has moved for leave to discontinue a discovery proceeding brought by him against the respondent. The respondent has separately moved to compel the administrator to proceed with the discovery proceeding or in the alternative to revoke the letters of administration heretofore issued to him. The respondent also seeks a direction requiring the petitioner to discontinue an action brought by him against the respondent in the United States District Court for the Southern District of New York for substantially the same general relief. The motion to discontinue the discovery proceeding is denied in the exercise of the discretion of the Surrogate. The motion of the respondent insofar as it seeks to compel the administrator to proceed with the discovery proceeding is granted. (*Matter of Martin*, 178 Misc. 43.)

The administrator commenced the discovery proceeding by petition filed June 27, 1944. The order entered thereon was returnable July 18, 1944. The petition was based on the usual allegations required in proceedings under section 205 of the Surrogate's Court Act, that the respondent was in possession and control of assets of the estate and that he neglected and refused to deliver them to the administrator after demand

made upon him. The assets sought to be recovered are certain shares of stock. Upon the return date of the order, the respondent appeared and filed an answer denying in general the material allegations of the petition and asserting affirmative defenses of accord and satisfaction, releases made between the parties in the lifetime of the decedent, the Statutes of Limitation of the States of Illinois and New York and other grounds. The time of the petitioner to serve and file a reply was extended by the Surrogate to August 1, 1944, and thereafter was postponed from month to month by stipulation of the parties. The present date for the service and filing of the reply is August 1, 1945.

On February 7th of this year, after the pendency of the discovery proceeding for several months, the administrator instituted an action against the respondent in the United States District Court for the Southern District of New York upon the same facts and seeking identical relief, except that the theory of the action was that there was an *inter vivos* trust created by the decedent of the shares of stock received by the respondent as trustee for her benefit. An answer was filed by the respondent as defendant in that action but no trial has as yet been had.

The Surrogate holds that the respondent is entitled to a trial and determination of the issues raised in the discovery prceeeding. As stated by me in *Matter of Martin* (178 Misc. 43, 44, *supra*): "* * * where an executor or administrator or other legal representative of an estate invokes the jurisdiction of this court, a willing respondent is entitled to a trial and determination here and should not be subjected to the harassment of an action in another forum brought for the same relief. Under the broad provisions of subdivision 3 of section 40 of the Surrogate's Court Act, the surrogate may ' direct and control the conduct ' of legal representatives. The situation, therefore, is utterly unlike the position of an individual plaintiff in an action in some other court with the right to discontinue."

Unquestionably, jurisdiction, under the forms of the petition and the answer of the respondent, exists in the Surrogate's Court. Neither in the original petition in discovery nor in the answer of the respondent was the question of a theory of a trust *inter vivos* alleged. This court has jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or a guardian. (*Matter of Akin,* 248 N. Y. 202; *Matter of Raymond* v. *Davis,* 248 N. Y. 67.) Comity does

not require that jurisdiction by this court should be relinquished where another action was subsequently brought by the same parties for the same relief in another court where both courts have concurrent jurisdiction over the subject matter. (*Matter of Lichtblau,* 131 Misc. 826.) As a matter of policy and practice, the Supreme Court in this State has refused time and again to take jurisdiction of an action if complete relief was obtainable in the Surrogate's Court. (*Matter of Ranft,* 268 App. Div. 136; *Earle* v. *Rice,* 259 App. Div. 1014; *Bloomingdale* v. *Bloomingdale,* 258 App. Div. 231.) Since this court entertained the proceeding in discovery and thereby assumed jurisdiction, all the issues raised therein may be determined here. (*Matter of James,* 173 Misc. 1042, affd. 262 App. Div. 703, affd. 287 N. Y. 645; *Noll* v. *Ruprecht,* 256 App. Div. 926, affd. 282 N. Y. 598; *Evans* v. *Appell,* 211 App. Div. 105, affd. 240 N. Y. 585.)

In the interest of convenience and expedition, the litigation should be disposed of in this forum, where judicial action was first sought and obtained. (*Bloomingdale* v. *Bloomingdale, supra.*) The petitioner is therefore directed to serve and file his reply to the answer of the respondent by August 1, 1945, the date fixed therefor by the last stipulation of the attorneys, or by such time as the attorneys may fix by further stipulation. Thereafter the Surrogate will set a date for the trial of the proceeding before him. Disposition of the remaining relief sought by the motion of the respondent will be suspended pending such trial and decision by the Surrogate.

Submit orders on notice accordingly.