## SULLIVAN v. TITLE GUARANTEE & TRUST CO. et al.

District Court, S. D. New York.
Dec. 17, 1947.

Stanley W. Schaefer, of New York City, for plaintiff.

Vosseler & Donnelly, of New York City (Arthur G. Donnelly, of New York City, of counsel), for defendants.

RYAN, District Judge.

Plaintiff, a resident of the State of Florida and sole beneficiary of a trust created by a will which was duly probated in the Surrogate's Court of Kings County, New York, sues defendants, New York residents and testamentary trustees of the will, for damages in failing to administer properly the trust, for restoration of the corpus of the trust and for an accounting.

Defendants move, under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss this action on the ground of lack of jurisdiction over the subject matter and because plaintiff fails to state a claim upon which relief may be granted.

Defendants urge that the Surrogate's Court of Kings County has complete and competent jurisdiction over the trust's property and the administration of the trust. While this is true, such jurisdiction is by no means exclusive. The powers of the Surrogate did not originally extend to jurisdiction over testamentary trustees. Matter of Hawley, 104 N.Y. 250, 263, 10 N.E. 352. This power was conferred by act of the State Legislature, by laws adopted in 1850 and subsequent thereto. Surrogate's Court

Act, § 40, subd. 3. These enactments did not take away from the Supreme Court the equity jurisdiction which it always had in actions of this nature.

■ Defendants also urge that this Court has no jurisdiction to administer the decedent's estate. In this suit, however, plaintiff does not attempt to administer the estate of the deceased, but seeks only an enforcement of his equitable and legal rights.

Chief Justice Stone, in Markham v. Allen, 326 U.S. 490, at page 494, 66 S.Ct. 296, at page 298, 90 L.Ed. 256, said:

"But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80, and cases cited. See Sutton v. English, supra, 246 U.S. 205, 38 S.Ct. 256, 62 L.Ed. 664; United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 619, 56 S.Ct. 600, 602, 80 L.Ed. 920; United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840; Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285.

"Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 196, 55 S.Ct. 386, 388, 389, 79 L.Ed. 850, and cases cited; United States v. Bank of New York & Trust Co., supra, 296 U.S. 477, 478, 56 S.Ct. 347, 348, 80 L.Ed. 331, and cases cited, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court. Commonwealth Trust Co. v. Bradford, supra, 297 U.S. 619, 56 S.Ct. 602, 80 L.Ed. 920; United States v. Klein, supra, 303 U.S. 281, 58 S.Ct. 538, 82 L.Ed. 840, and cases cited."

■ A testamentary trustee, although he functions under the supervision of the Surrogate's Court, is by no means to be considered an officer of that Court, and can be compelled to account to the Supreme Court of the State, under the exercise of that Court's equitable jurisdiction. Likewise, the testamentary trustee can be required to account in the United States District Court.

"The * * * courts of the United States * * * are not foreign courts. The Constitution has made them courts within the states to administer the laws of the states in certain cases." Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648.

■ It is expressly provided in Article 3, Section 2 of the Constitution, that "The judicial Power shall extend to all Cases, in Law and Equity * * * between Citizens of different States."

The civil jurisdiction of the federal district courts extends to the general jurisdiction of the state courts, in cases arising in law and equity, between citizens of different states. Public Utilities Commission v. Landon, 249 U.S. 236, 39 S.Ct. 268, 63 L.Ed. 577.

■ Here, the plaintiff had the right to invoke the jurisdiction of three courts—the State Surrogate's Court, the State Supreme Court or the Federal District Court. This choice of election bewcen state and federal courts constitutes a right of which plaintiff may not be deprived. Missouri ex rel. St. Louis B. & M. R. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232; General Outdoor Advertising Co. v. Williams, 1 Cir., 12 F.2d 773.

■ At the time this action was commenced, neither of the parties had instituted any action in the State Supreme Court or begun any proceeding in the Surrogate's Court. This Court, having first acquired jurisdiction of the subject matter of this action, should retain it to the exclusion of all other courts until such jurisdiction is

966

exhausted. Taylor v. Taintor, 16 Wall. 366, 83 U.S. 366, 21 L.Ed. 287.

The complaint clearly states a claim showing that plaintiff is entitled to relief.

The motion to dismiss is therefore denied.