SULLIVAN v. TITLE GUARANTEE & TRUST CO. et al.

No. 204, Docket 20934.

Circuit Court of Appeals, Second Circuit.

April 2, 1948.

Arthur G. Donnelly, of New York City (Vosseler & Donnelly, of New York City, on the brief), for defendants-appellants.

Stanley W. Schaefer, of New York City, for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The important issue before us on this appeal is the validity of an injunction granted by the district court restraining the defendants from taking further proceedings to settle their account as testamentary trustees before the Surrogate's Court of Kings County, State of New York. Thus we are brought to the exceedingly delicate realm of interference by the federal courts with state court action in fields of law normally and historically local. At least since Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, made clear the very narrow limits of such federal power of interference, federal judges have been on notice to avoid such injunctions except in certain narrowly limited and specific cases. The present is asserted to be such a case, for this action, based on the diverse citizenship of the parties, to compel testamentary trustees to account and to deliver over the trust property to the plaintiff as ultimate beneficiary, was instituted before the defendant trustees submitted their accounting to the state Surrogate's Court. It is claimed, therefore, to come within the exception stated in the Toucey case, 314 U.S. 118, 135, 136, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, that it is a federal action which is both in rem against property and prior to any

state action. Both these circumstances must concur to justify the injunction.

Since the Toucey case was decided, there seems not to have been any reported case in the federal courts where an injunction involving proceedings in a state probate court has been sustained.[1] This of course is not conclusive that there should be no such action, but it is highly indicative of the hesitancy now shown by the federal courts in entering into this conflict of jurisdiction. In Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 462, 467, 59 S.Ct. 275, 83 L.Ed. 285, decided only slightly earlier, it was said that an action for an accounting against trustees was to be considered quasi in rem; but this had immediate reference to a state court proceeding against the trustees, involved an analysis of the state statutes of Pennsylvania, and actually resulted in the reversal of a federal court injunction against the state court proceeding. Mandeville v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605, was also a reversal of a federal injunction against state procedure, the exact holding being that the prior federal action was only an in personam suit for the recovery of money, even though the original relief prayed for was "that the court, after construing the will, render a decree determining respondent's rights in the trust property and directing the trustee to account and to turn over to respondent his share in the trust property." Hence the effect of the decision was to allow the earlier federal and the later state court actions to proceed concurrently. In Markham v. Allen, 326 U.S. 490, 495, 496, 66 S.Ct. 296, 299, 90 L.Ed. 256, while petitioner appears to have sought an extensive judgment, yet the judgment actually rendered in the district court was a direct declaration only of petitioner's right to receive an estate. The Supreme Court, pointing out that this judgment left undisturbed the orderly administration of the estate, allowed the action to proceed concurrently with the state proceedings, al-

though Mr. Justice Rutledge thought that the district court should merely retain jurisdiction "pending the state court's decision as to the persons entitled to receive the net estate."

Obviously the Court is disclosing a substantial reluctance to construe a federal action as "in rem" or so broadly inclusive as to set at naught the normal jurisdiction of the specialized state court. Moreover, it has always declined to exercise jurisdiction which it held purely probate, and has not hesitated to restrict a bill in equity asking for more extensive relief to only those remedies which will not interfere with ordinary probate settlement of an estate. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 47, 50, 30 S.Ct. 10, 54 L.Ed. 80; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Markham v. Allen, supra, 326 U.S. 490, 494. Finally, even in the one situation of justifiable interference, namely where the federal action is both prior in point of time to the state proceeding and is in rem, it is now settled that jurisdiction is not compulsory, but may be declined in favor of a more effective state remedy. This was established in cases involving proceedings to wind up corporations, Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, and continued with reference to receiverships, Kelleam v. Maryland Cas. Co. of Baltimore, Md., 312 U.S. 377, 382, 61 S.Ct. 595, 85 L.Ed. 899. Ultimately, as we have seen, it was considered in Markham v. Allen, supra, as applicable to probate proceedings. See 1 Moore's Federal Practice, § 3.05, as well as the long discussion in his 1942 Cum.Supp., 302-372, particularly at 322-336, 367, 371.

These views have been followed consistently in the lower federal courts. Thus jurisdiction has been refused altogether where the state law localizes it in one

---

[1] It is difficult to find actual cases of injunctions against state probate proceedings; one of the few and the latest in point of time is Mississippi Valley Trust Co. v. Franz, 8 Cir., 51 F.2d 1047, which is perhaps the unusual obvious case. See the annotation to Blacker v. Thatcher, 9 Cir., 145 F.2d 255, 158 A.L.R. 1, at pages 9, 12, certiorari denied 324 U.S. 848, 65 S.Ct. 686, 89 L.Ed. 1409.

court. Kittredge v. Stevens, 1 Cir., 126 F. 2d 263, certiorari denied 317 U.S. 642, 63 S.Ct. 34, 87 L.Ed. 517; Spears v. Spears, 6 Cir., 162 F.2d 345, certiorari denied 332 U.S. 768, 68 S.Ct. 78; Guilfoil v. Hayes, 4 Cir., 86 F.2d 544, certiorari denied 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876; Lathan v. Edwards, 5 Cir., 121 F.2d 183. Concurrent action is permitted, however, where there is not interference with state court proceedings and the local law is not so restricted. Blacker v. Thatcher, 9 Cir., 145 F.2d 255, 158 A.L.R. 1, with extensive annotation 9-76, certiorari denied 324 U.S. 848, 65 S.Ct. 686, 89 L.Ed. 1409; Rosenberg v. Baum, 10 Cir., 153 F.2d 10; Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239; Garrett v. First Nat. Bank & Trust Co. of Vicksburg, Miss., 5 Cir., 153 F.2d 289; Kimball v. New England Trust Co., D.C.Mass., 68 F.Supp. 95. See also Albanese v. Richter, 3 Cir., 161 F.2d 688, certiorari denied 332 U.S. 782, 68 S.Ct. 49, refusing jurisdiction over an action by an illegitimate child against his father for maintenance and support under state statutes, commented upon in a note, "Jurisdiction of the Federal Courts over Domestic Relations," 48 Col.L.Rev. 154.

█ With this background of caution in mind, let us turn to the facts here involved and the state law as to the jurisdiction of the New York Surrogate's Court. As we have been often advised, a federal court in a diversity suit "should adjudicate controversies as if it were only another state court." Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 162, 67 S.Ct. 237; Holmberg v. Armbrecht, 327 U.S. 392, 394, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R. 719; Guaranty Trust Co. v. York, 326 U.S. 99, 108, 109, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Hence we need to ascertain whether the New York supreme court—the state court of general jurisdiction thus comparable to the federal district court in a diversity case—would decline to adjudicate this action on the objections here presented by the defendants. The essential facts, disclosed by the pleadings and affidavits, are not in dispute. The will of Elizabeth V. Schenck, who died a resident of Kings County, Brooklyn, in 1935, was duly probated by the Kings County Surrogate's Court, and the defendants, as executors of her will, duly settled their account before the same court through decree of December 17, 1940. Some time earlier, letters of trusteeship of a trust under this will for the benefit of the plaintiff were issued by this same court to the defendants, and they have accepted the property distributed to this trust and have since administered it. Under the will, plaintiff was to receive not only the income of the trust, but also the principal in full provided he attained the age of 35 years. He reached this age on November 2, 1946. On or about August 13, 1947, defendants delivered a detailed and itemized statement of account, covering over 134 pages of long legal cap, to the plaintiff's attorney and endeavored to secure consent to its acceptance. On November 10, 1947, plaintiff commenced the present action based on allegations of improper administration and accounting of their trust by the defendants. The relief sought by plaintiff was that the account of defendants as trustees be judicially settled, that a judgment be made stating their account, that they be surcharged, that the plaintiff have judgment against them, that they be required to turn over the property to the plaintiff, and that he may also have "such other and further and different relief as to the Court seems just and equitable, together with the costs and disbursements of the action." Defendants' appeal here is from an order of December 20, 1947, refusing to grant their motion to dismiss for lack of jurisdiction, D.C.S.D.N.Y., 74 F.Supp. 964, and from an order of January 30, 1948, enjoining them from prosecuting their proceeding for judicial settlement of their account started before the surrogate on December 26, 1947.

The respective affidavits not unnaturally contain mutual recriminations, plaintiff charging unconscionable delay in the submission of an accounting, and defendants their attempt to settle the account by receipt and release, rather than by an accounting proceeding in the Surrogate's Court, foiled by the surprise attack of this action. We do not need to consider these matters, since the question is one of

legal right of the parties. But in view of the state precedents discussed below, we should note that plaintiff makes no allegation or claim that the proceeding in the Surrogate's Court would not afford him complete relief or that there is any reason—beyond his choice of forum—or advantage to him in the federal action. Nor do his grounds of complaint against the trustee suggest anything else. So far as they have been made explicit, they are that the trustees have expended too much and realized too little, stressing, inter alia, that for long periods of time they kept the trust moneys invested in securities yielding only ¾ of 1%. Cutting through all the legal verbiage, what the plaintiff wants is more money than defendants say they have for him, a divergence of view which will grow greater as these various proceedings continue.[2]

Although the order refusing to dismiss the action was not final, the appeal from the grant of the injunction requires us also to consider the correctness of the earlier order and the entire issue of the district court's jurisdiction. Deckert v. Independence Shares Corp., 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed. 189. Our chart must be the state statutes and decisions. We have had occasion recently to trace the steady expansion of jurisdiction of the New York Surrogate's Court. Hart v. Mutual Benefit Life Ins. Co. of Newark, N.J., 2 Cir., 1948, 166 F.2d 891; and see also Griffith v. Bank of New York, 2 Cir., 147 F.2d 899, 902, 160 A.L.R. 1340, certiorari denied Bank of New York v. Griffith, 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992. But as the district court pointed out, the New York supreme court retains at least a formal power to settle the accounts of testamentary trustees. This follows since, as a constitutional court, its powers cannot be destroyed by statute or decision, although the legislature may, as it has done, grant concurrent jurisdiction to the Surrogate's Court. In re Malloy's

Estate, 278 N.Y. 429, 432, 17 N.E.2d 108. And it may itself decline jurisdiction as it has done, so much so in fact that the late Surrogate Foley said not long ago: "As a matter of policy and practice, the Supreme Court in this State has refused time and again to take jurisdiction of an action if complete relief was obtainable in the Surrogate's Court." In re Deutsch's Estate, 1945, 186 Misc. 446, 56 N.Y.S.2d 768, 770, citing cases, affirmed 270 App.Div. 920, 62 N.Y.S.2d 608. And Surrogate Delehanty has added, In re Baker's Estate, Sur. 1947, 74 N.Y.S.2d 8, 9, that "it is the now settled policy of the Supreme Court to concentrate in the Surrogates' Courts all matters affecting the administration of estates."

Among the many illuminating provisions of the Surrogate's Court Act which may be cited to show the broad statutory base for the surrogate's jurisdiction we may refer particularly to the general grant of jurisdiction of § 40; to § 99, giving power to remove testamentary trustees; to §§ 167–170, concerning the qualifying of testamentary trustees and their successors and the fixing of their bonds; to § 171, defining the court's general jurisdiction over testamentary trusts; and to §§ 251, 253–274, covering the accounting, voluntary or compulsory, by testamentary trustees and the distribution of the property. Particularly to be noticed are id. § 257-a, giving the surrogate power *of his own motion* to order a trustee qualified before him to account (thus showing the surrogate's continuing jurisdiction over trustees qualified before his court), also id. § 40(9), as well as N. Y. Civil Practice Act, § 190-a, both being explicit provisions for the transfer of cases within the surrogate's authority from the supreme court to the Surrogate's Court. As Surrogate Delehanty points out in the case just cited, In re Baker's Estate, the earlier views that these two statutes were limited only to "actions at law" are no longer with significance.

[2] In their account submitted to plaintiff, defendants showed a balance of principal of $136,847.95, of which $62,000 was in cash and apparently most of the remainder was in low-yield securities. Defendants paid plaintiff the income up to the delivery of this account, August 13, 1947; they had previously paid him $15,000 on the principal and have recently (after the institution of this action) paid him an additional $25,000. And they acknowledge liability not for interest, but only for the income actually received on the funds.

The practice of transferring cases from the supreme court to the Surrogate's Court now is most extensive and usual, as witness the following examples: Bloomingdale v. Bloomingdale, 258 App.Div. 231, 16 N.Y. S.2d 359; In re Buehler's Estate, 186 Misc. 306, 59 N.Y.S.2d 766, affirmed 272 App. Div. 757, 70 N.Y.S.2d 139; Shure v. Kaplan, Sup., 67 N.Y.S.2d 921. It even extends to a transfer of a case from the federal district court. In re De Fontarce's Estate, Sur., 66 N.Y.S.2d 808. At the same time, as the precedents show, the supreme court on objection of a party is now refusing to exercise jurisdiction where the Surrogate's Court may give complete relief. Thus it has refused to take jurisdiction over the removal of testamentary trustees where the will had been probated in the Queens County Surrogate's Court and there was nothing to show that that court under Surrogate's Court Act, § 99, could not give all needed relief. Noll v. Ruprecht, 282 N.Y. 598, 25 N.E.2d 386, affirming 256 App.Div. 926, 9 N.Y.S.2d 651. Hence we finally have the natural conclusion stated by Surrogate Foley in Re Deutsch's Estate, supra, and exemplified in Re Ranft's Will, 268 App.Div. 136, 49 N.Y.S.2d 125, holding that a testamentary trustee may not obtain judicial settlement of its account in the supreme court without a showing that the Surrogate's Court where the trustee was appointed was not competent to afford relief. See also Earle v. Rice, 259 App.Div. 1014, 20 N.Y.S.2d 423. Incidentally the decision in Re Deutsch's Estate, supra, was made notwithstanding that a federal action had been instituted.

 The necessary conclusion seems to us to be that here the Kings County Surrogate's Court had and retained such jurisdiction over these trustees that it cannot be ousted therefrom by a federal court injunction. The order for the injunction was therefore invalid and must be reversed. The question remains whether any jurisdiction existed in the district court over this action. We have seen that the federal courts have tended to uphold that part of the action which can be considered concurrently with the state court proceeding. Here the judge hearing the motion to dismiss appears to have thought that the action could proceed without disturbing the surrogate's jurisdiction, D.C.S.D. N.Y., 74 F.Supp. 964, 965, although at the end of his opinion he does say that this court, having first obtained jurisdiction, should retain it to the exclusion of all others. This latter statement, which we have found erroneous, was held controlling by two other judges to require first an order, entered January 21, 1948, refusing to decline jurisdiction in the exercise of its discretion, and second the order granting the injunction from which the appeal has been taken. Since the action was ultimately for the transfer of money, we think the judge was correct in saying at that time that there was not an absence of all jurisdiction. Whether it would have been or may yet be wiser to decline all jurisdiction in favor of the Surrogate's Court we need not now decide, since that interlocutory and discretionary order is not before us now. Our disposition of this appeal will leave the matter of retaining jurisdiction to the discretion of the court. In fact, this issue may be wholly academic in view of the speedy trial which we are told is possible in the Surrogate's Court and the long delay of ten months or more which is necessary before trial may be had below.

Hence the order of December 20, 1947, is affirmed, the order of January 30, 1948, is reversed, and the action is remanded to the district court for further proceedings consistent with this opinion.