MILTON H. RUBIN, Plaintiff, *v.* IRVING TRUST COMPANY, as Executor of HAROLD RUBIN, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, February 26, 1951.

*James N. Vaughan* for Irving Trust Company, defendant.

*Simon H. Rifkind* for plaintiff.

BENVENGA, J. Motion by defendant, Irving Trust Company, for judgment dismissing complaint on the ground that there is another action pending between the same parties for the same cause (Rules Civ. Prac., rule 107); i.e., a proceeding in the Surrogate's Court between the same parties concerning the same subject matter. The question presented involves the construction and effect of section 211 of the Surrogate's Court Act.

On November 2, 1950, the executor herein served a notice in writing upon the plaintiff Rubin rejecting a claim made by him against the estate of Harold Rubin, deceased. The notice was duly received. On November 3d, the executor filed a petition in the Surrogate's Court, New York County, asking, among other things, that its intermediate account be settled and that the validity of the plaintiff's claim be determined. Thereafter, on November 6th, the plaintiff instituted an action on his claim against the executor.

In support of the motion, defendant argues that as the Surrogate's Court first obtained jurisdiction of the subject matter of this action by filing the petition for the judicial settlement of its account, and as it has concurrent jurisdiction with the Supreme Court and adequate power to determine the validity of the claim and administer full justice, it should be permitted to exercise its jurisdiction to the exclusion of the Supreme Court (citing *Colson* v. *Pelgram,* 259 N. Y. 370, 375; *Earle* v. *Rice,* 259 App. Div. 1014; *Matter of Deutsch,* 186 Misc. 446, 448–449, affd. 270 App. Div. 920, and *Matter of Sheeler,* 190 Misc. 894, 896).

While there can be no dispute as to the soundness of the principle underlying these cases, it is clearly inapplicable where the Legislature has decreed otherwise. Thus, in the case of claims rejected by an executor or administrator, section 211 of the Surrogate's Court Act specifically provides: '' Unless the claimant shall commence an action on his claim against the executor or administrator within three months after the rejection, * * * said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement.''

Obviously, the purpose and effect of section 211 is not only to prescribe a short Statute of Limitations, but to give a person whose claim has been rejected the right to elect, within the statutory period, to institute an action in a court of general jurisdiction, or, by failing to bring such an action, to consent to have his claim adjudicated in the Surrogate's Court upon the settlement of the account (*Matter of Schorer,* 272 N. Y. 247, 251; *Michaels* v. *Flach,* 197 App. Div. 478, 479; *Matter of Nussbaum,* 158 Misc. 380, 382; *Matter of Leary,* 172 Misc. 286, 289; 3 Warren's Heaton on Surrogates' Courts [6th ed.], § 272). This view is strengthened when section 211 is construed in connection with section 40 of the Surrogate's Court Act which defines the general jurisdiction of that court.

Since the plaintiff instituted the action within the statutory period, this court has exclusive jurisdiction to try and determine the validity of the claim, even though the action was commenced after the filing of the petition in the Surrogate's Court (*Matter of Barclay,* 266 App. Div. 1059; *Moore* v. *Humbert,* 268 App. Div. 813). The cases just cited are the only cases which are directly in point. They are authority against the defendant.

The motion is denied. Settle order.