In the Matter of the Estate of SAMUEL BLUESTEIN, Deceased.

Surrogate's Court, New York County, August 3, 1951.

*Falk & Orleans* for Murray Goodman and others, as executors of Samuel Goldstein, deceased, petitioners.

*Harold M. Weinberg* for Rose Bluestein, respondent.

FRANKENTHALER, S.  In his will deceased bequeathed a certain portion of his accounting practice to a business associate with the request that the legatee pay to deceased's widow a stated sum monthly for the period of 120 months or until her earlier death.  It has been determined that the will " imports an obligation — a legal obligation — by the legatee if he accepts the legacy bequeathed to him to make payment to the widow in the manner therein described." (*Matter of Bluestein,* 277 App. Div. 385, 386–387, affd. 302 N. Y. 760.)  The opinion of the Appellate Division also stated (p. 387): " Nor is it necessary to decide at this time whether the legatee has in fact accepted the legacy and is thus bound to carry out the conditions imposed upon it or is still free to renounce the bequest made to him. These matters may be determined upon appropriate proceedings for that purpose."

There is pending in this court a proceeding for the judicial settlement of the account of the executors in which the question as to whether the legatee has accepted or has rejected the legacy can be resolved.  The determination of that issue is necessary not only to fix the liability, if any, of the legatee but also that a direction may be made as to the disposition of the legacy in the event it is found that the legatee has not accepted it.  In the same proceeding consideration can be given to the propriety and need for exacting a bond from the legatee for the protection of the widow (*Matter of Watson,* 242 App. Div. 723; *Matter of Merritt,* 182 Misc. 1026; *Matter of Katz,* 49 N. Y. S. 2d 604).  These questions and related issues concerning the interpretation and operative effect of deceased's will and performance by the executors of their duties under the will are properly before this court in the accounting proceeding.

Deceased's widow has brought an action in the Supreme Court against the afore-mentioned legatee to recover sums which, she

asserts, the will obligates him to pay her. The legatee is one of the executors under the will but is not a party to the action in his fiduciary capacity. He and his fellow executors have moved to obtain the consent of the Surrogate to the transfer of the action to the Surrogate's Court. Consent to the transfer is given (*Noll* v. *Ruprecht,* 282 N. Y. 598; *Matter of Ranft,* 268 App. Div. 136; *Sullivan* v. *Title Guar. & Trust Co.,* 167 F. 2d 393).

Any cause of action that the widow has arises from the provisions of deceased's will. Her action is one to obtain benefits under the will and the defendant is sued as a legatee thereunder. Preliminary to any determination as to the extent of the legatee's liability to the widow is the question as to his acceptance or rejection of the legacy. Once that question is resolved his liability is clear under the prior decisions in this estate. A determination of that question in the Supreme Court would fix only the liability of the legatee to the widow and would leave without disposition the related problems as to the effect upon the will of a rejection of the legacy. If the action were not transferred to this court, the Supreme Court well might be inclined to defer a trial until the controlling issue had been decided in this court where not only the widow and legatee are parties but also the executors of the will, the beneficiaries thereunder and creditors of the estate are before the court. Complete relief can be granted in this court and all interested parties will be bound by the court's decision. If a transfer is ordered by the Supreme Court, the widow will not forfeit any right she has to a jury trial (Civ. Prac. Act, § 190-a).

Submit order on notice.