HAZEL R. WOOD, as Administratrix C. T. A. of GEORGE F. CLOSE, Deceased, Plaintiff, *v.* CHENANGO COUNTY NATIONAL BANK AND TRUST COMPANY OF NORWICH, as Executor of ADDIE E. CLOSE, Deceased, Defendant.

Supreme Court, Special Term, Chenango County, December 12, 1952.

*Lee, Gallagher & Lee* for defendant.

*Henry Temes* for plaintiff.

McAvoy, J. This is an application by the defendant, The Chenango County National Bank and Trust Company of Norwich, as executor of the last will and testament of Addie E. Close, deceased (hereinafter called the bank), for an order permanently staying this action brought in the Supreme Court, Chenango County, upon the ground that the Surrogate's Court

of said county had acquired prior jurisdiction of the issues involved in the present action and can grant complete relief between all the interested parties.

It appears that the plaintiff, as administratrix *c. t. a.* of the estate of George F. Close, deceased, prior to the commencement of this action and on or about August 2, 1951, filed a petition in the Surrogate's Court requesting that the defendant bank as the legal representative of Addie E. Close, deceased, be compelled to render an account of her acts and proceedings, as executrix of the estate of her husband, George F. Close. Such petition alleged that she had rendered no account, and that at the time of her death she had in her possession certain property belonging to the said George F. Close estate in her capacity as executrix thereof. The petition further alleged that Addie E. Close in her lifetime had taken title to and personal possession of all the property of the estate.

The bank filed an answer to this petition, denying that it had in its possession any assets of the George F. Close estate and alleged that any assets of said estate which had come into the hands of Addie E. Close became her own personal property. As a basis for such contention the answer quoted paragraph marked " Third " of the will of George F. Close, which provided as follows: " THIRD: I hereby give, devise and bequeath the use, income, rents and profits of and from all of my property, real and personal, to my wife, Addie E. Close, for and during her natural life, with the right to the said Addie E. Close to use and expend so much of the principal of said property, real and personal, as in her discretion, may be necessary or proper for her comfort."

The answer also set forth the provisions of paragraph marked " Twenty-Third " of the Addie E. Close will, which stated: " TWENTY-THIRD: By this will desire to advise the Surrogate of Chenango County that I have exercised the discretion given me in the ' Third ' paragraph of the will of my husband, George Freemont Close, and have taken into my possession and ownership for my personal ownership to use and expend all of the property described in said Third Paragraph of the will of my husband, George Freemont Close."

No proof was taken before the Surrogate on the issues as thus framed. Counsel for the parties presented oral arguments and submitted briefs, petitioner contending that the bank should be compelled to account, and the bank denying that it had any assets of the George F. Close estate for which to account.

The Surrogate later rendered a decision holding in substance that the deceased, George F. Close, " had a right to leave his property any way he saw fit " and " that the George F. Close Estate has the obligation to prove that the monies were not all spent by her under the provisions of that Will." The decision also stated: " I am deciding that the Answer and Account of the executor of the Addie E. Close Estate is sufficient."

A resettled order was entered upon this decision which decreed that " Addie E. Close had the legal right, in her discretion, to invade the principal of the assets of the estate of her husband, George F. Close, as, in her discretion, may be necessary or proper for her comfort; " and " that the George F. Close Estate has the obligation to prove that the monies spent by Addie E. Close were not under the provisions of the Will of George F. Close, and the petitioner not having offered such proof, it is further ORDERED, ADJUDGED AND DECREED that the answer and account of the respondent herein (defendant here), be approved by this Court as sufficient."

An appeal was taken by petitioner in that proceeding (plaintiff here) from the decision and order of the Surrogate, and is now pending.

The issue actually before the Surrogate in that proceeding was whether or not the bank should be compelled to account for the acts and proceedings of Addie E. Close as executrix of the estate of her husband. The substance of the Surrogate's decision was that the petitioner (plaintiff here) had not met the burden of proving that she was entitled to a more specific accounting than that contained in the answer and so-called account filed by the bank.

Subsequent to the above-mentioned application for an accounting in the George F. Close estate, the plaintiff here filed a claim against the Addie E. Close estate alleging that her executor (the bank) had in its possession certain property which it claimed to be part of the Addie E. Close estate, but which, in fact, was part of her huband's estate that had been unlawfully appropriated by her in her lifetime. When such claim was rejected by the bank, this action was brought in the Supreme Court to recover thereon.

The complaint in substance alleges that assets of the George F. Close estate were still in the possession of Addie E. Close and unexpended at the time of her death. It further alleges that she was guilty of bad faith and fraud in dealing with the assets, to the detriment of the remaindermen. An accounting is also asked for in connection therewith.

Under the rule laid down in *Matter of Britt* (272 App. Div. 426, 3d Dept.) as to the rights and duties of a life tenant in dealing with the assets of an estate, the complaint upon its face states a valid cause of action. In that case the life tenant was given the right " in his absolute discretion " to invade the principal as he might " deem necessary or convenient." He filed a notice in the Surrogate's Court in which he purported to elect to appropriate to his own use his wife's entire estate. Mr. Justice HEFFERNAN, in writing the opinion for the court, stated (pp. 428–429): " The Surrogate rejected that contention and we are in accord with his ruling * * * The notice of appropriation * * * by the husband did not destroy the interest of the remaindermen in the property. Appropriation without consumption is unavailing to accomplish that result. * * * In cases where the grant of a life estate is coupled with expressions giving broad powers of disposition, the rule is that the life tenant is given an absolute and unlimited power of disposition and he may dispose of the property as he pleases so long as he acts in good faith and does not waste or squander the property for the purpose of preventing the balance of the estate from going to the remaindermen. The amount which a life tenant may use for his support and maintenance rests entirely in his honest judgment and discretion which cannot be controlled or limited by the courts in the absence of bad faith or fraud." (Citing *Vincent* v. *Putnam*, 127 Misc. 647, affd. 221 App. Div. 211, affd. 248 N. Y. 76.)

The complaint in the present case sets forth a potential " claim " or cause of action against Addie E. Close, which, in view of her death, must now be pressed against her representative. The alleged claim has been presented to the executor of her estate and rejected as aforesaid. This action was then instituted within the three-month period, as provided by section 211 of the Surrogate's Court Act. Thereupon, the Surrogate's Court was ousted of any further jurisdiction relative to the alleged claim. (*Rubin* v. *Irving Trust Co.*, 200 Misc. 250. See, also, *Matter of Rotstein*, 162 Misc. 37.)

It is apparent that the issues raised in this action have not been heretofore litigated in the Surrogate's Court. Sharply disputed questions of fact will be presented, which make a jury trial thereof desirable. Plaintiff chose the tribunal where she would be entitled to such a trial as a matter of right and not as a matter of discretion. (*Matter of Boyle,* 242 N. Y. 342.) This is a substantial right of which she should not be deprived.

Therefore, the defendant's application for a permanent stay of this action is denied.