Maximilian Moss, S.
The respondents move on three grounds for an order dismissing the petition and vacating the order to show cause granted thereon in a proceeding instituted pursuant to section 205 of the Surrogate’s Court Act.
The first ground is that there is another action pending in the City Court (Kings County), between the same parties for the same cause and for that reason petitioner should be relegated to the city court. The action referred to was commenced subsequent to this discovery proceeding. The respondent, Abraham Tesser, is the sole defendant therein. The complaint alleges the conversion by the defendant, as an attorney in fact, of $5,000 belonging to the decedent. This discovery proceeding is against Abraham Tesser and Helen Leventhal. The order to show cause directs both respondents to submit to an examination concerning stocks, bonds and other personal property of the decedent. The petition, among other facts, alleges that the *713 respondent Tesser withdrew, as an attorney in fact of the decedent, and cashed a check for the sum of $5,000 concerning which petitioner seeks information.
The ground assigned for the dismissal must be overruled, since the two proceedings are not among the same parties and for the same cause (Rules Civ. Prac., rule 107). Furthermore, the motion, served more than 20 days “ after the service of the complaint,” was not timely made (Rules Civ. Prac., rule 107, subd. 8). Moreover, the jurisdiction of this court was first invoked (Rothenberg v. Kantor, 109 N. Y. S. 2d 535) and the matters involved herein relate to affairs of a decedent which may be more completely and equitably disposed of in this court (Surrogate’s Ct. Act, § 40, first par. and subd. 9; Matter of Deutsch, 186 Misc. 446, affd. 270 App. Div. 920; see Matter of Stern, 306 N. Y. 862).
The second ground is based upon the alleged fact that prior to the institution of this proceeding Tesser delivered to the administratrix certain stocks listed in his affidavit. The respondents do not claim that the stocks returned constitute all of the personal property of the decedent concerning which the petitioner seeks a discovery. Therefore, the petitioner is still entitled to exhaust her inquiry pursuant to the directions in the order to show cause (Surrogate’s Ct. Act, §§ 205, 206; Matter of Schapiro, 95 N. Y. S. 2d 430).
The third ground asserted is to the effect that the petition does not specifically identify the personal property of the decedent which is the subject matter of the discovery. The court is of the opinion that it is sufficiently described for the purposes of the inquiry. A discovery proceeding has dual purposes. In its inception it is inquisitorial (Matter of Schulman, 189 Misc. 672). In many cases an administrator or executor knows very little or nothing of the nature, quantity and whereabouts of the assets of the estate. In such circumstances the representative is required to exercise diligence to ascertain the facts. It was appropriately said by the learned Surrogate in Matter of Gick (49 Misc. 32, 38, affd. 113 App. Div. 16): “ The objection of the respondent that the petition is indefinite does not strike me as having much force. This very proceeding is intended to remove indefinitiveness and uncertainty in respect to things that are unknown to the executor or administrator and to give the representative an opportunity to find out, with certainty and definiteness, about things as to which he lacks information. These things are more likely to be in the knowledge of the respondent.” It is upon the trial that the petitioner is required *714 to establish the identity of the personal property in order that it may be described in the decree directing its delivery to him, similar to a replevin suit (Matter of Babcock, 85 Misc. 256, 270, affd. 169 App. Div. 903, affd. 216 N. Y. 717).
Settle order on notice denying’ the motion in all respects.